Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00904-CV



 

In Re Capitol County Mutual Fire Insurance Company,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM  
OPINION

Relator Capitol County Mutual Fire Insurance Company has
filed a petition for writ of mandamus in this court.  See Tex. Gov’t
Code Ann. § 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the
petition, Capitol County asks this court to compel the Honorable Mike Miller,
presiding judge of the 11th District Court of Harris County, to set aside his
September 14, 2009 order in which he directs that (1) parties may not opt out
of the previous standing pretrial order for the purpose of appraisal, unless
the parties agree to opt out of the order and participate in the appraisal
process, and (2) a motion to compel appraisal may not be set for a hearing until
after the parties have completed informal discovery and attended mediation
pursuant to the standing pretrial order.  

            Real
party in interest Linda Washington is an insured under a policy issued by
Capitol County.  On October 8, 2008, following Hurricane Ike, Washington
submitted to Capitol County a claim for damage to her home.  Capitol County
adjusted the claim and after determining the amount of loss, paid that sum to Washington. 
Several months later, on April 8, 2009, Linda Washington filed suit against
Capitol County, asserting breach of contract and violations of the Texas Insurance
Code.  After filing its answer on May 8, 2009, Capitol County wrote
Washington’s counsel, on May 19, 2009, invoking the following appraisal
provision in the policy, in relevant part:

Appraisal.  If you and we fail to agree on the
amount of loss, either may demand an appraisal of the loss.  In this event,
each party will choose a competent appraiser within 20 days after receiving a
written request from the other.  The two appraisers will choose an umpire.  If
they cannot agree upon an umpire within 15 days, you or we may request that the
choice be made by a judge of a court of record in the state where the Described
Location is located.

The appraisers will separately set the amount of loss.  If
the appraisers submit a written report of an agreement to us, the amount agreed
upon will be the amount of loss.  If they fail to agree, they will submit their
differences to the umpire.  A decision agreed to by any two will set the amount
of loss.

The
policy further provides that appraisal is a condition precedent to litigation: 

Suit Against Us.  No action can be brought unless
the policy provisions have been complied with and the action is started within
two years and one day from the time such cause of action accrues.

Washington responded that Capitol County had waived
its right to invoke appraisal under the policy, and voiced her opposition to
the use of the appraisal process.  Recently, this court granted mandamus relief
ordering the Honorable Mike Miller to abate a case in the 11th District Court and
to enforce a similar appraisal clause in an insurance policy.  See In re
Slavonic Mut. Fire Ins. Assoc.,  No. 14-09-01057-CV, —S.W.3d—,—, 2010 WL
1236333, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 1, 2010., orig.
proceeding) (holding that the Honorable Mike Miller abused his discretion by
denying insurance company’s plea in abatement and motion to compel appraisal).

            On
May 26, 2009, the trial court signed a Standing Pretrial Order Concerning
Residential Hurricane Ike Cases (the “Standing Order”).  In the order, the
trial court explains that all residential Hurricane Ike cases filed in Harris
County district courts were transferred to the 11th District Court as a Special
Docket pursuant to Local Rule 3.2.3(c) of the Civil Trial Division of Harris
County.[1] 
The Standing Order applies to “all lawsuits filed in the District Courts of
Harris County, Texas in which any policyholder (the ‘Plaintiff’) asserts a
claim arising from damage to residential property caused by Hurricane Ike,
against an insurance carrier who issues insurance policies for residential
property (the ‘carrier’).”  In the Standing Order, the court directs that,
within 100 days after the carrier makes an appearance in the lawsuit, or the
date of the order, whichever is later, the parties are to agree on a mediator
and mediation date.  In the Standing Order, the court further directs that
within 60 days of the carrier’s original answer or the date of the order,
whichever occurs later, the parties will use their best efforts to exchange
information and documentation pertaining to the residence, to the extent it
exists.  Finally, “[i]t is the intent of this Order that if a party elects to
participate in mediation or any other provisions of this Order, or elects to
opt out, such actions alone will not affect any parties’ statutory or
contractual rights.”  

            On
September 14, 2009, acting sua sponte, Judge Miller signed an “Order Regarding
Appraisal Requests” (“Appraisal Order”), which reads in its entirety as follows:

A party in a case subject to the Standing Pre-Trial Order
Concerning Residential Ike Cases may not opt out of that Order for the purpose
of or as response to a request for appraisal, unless all parties in that case
agree to opt out of the Order and to participate in the appraisal process.  No
motion to compel appraisal will be set for hearing until after the parties have
completed informal discovery and mediation pursuant to the Standing Pre-Trial
Order.

Capitol
County did not move to set aside the Appraisal Order or voice any objection to
this order in the trial court. 

            On
October 5, 2009, Capitol County filed a motion to compel appraisal and abate
litigation pending completion of the appraisal process; however, Capitol County
has never attempted to set this motion for hearing.  Capitol County has filed a
petition for writ of mandamus in this court, asking that we compel the trial court
to vacate the Appraisal Order because, in light of Washington’s refusal to
participate in the appraisal process, Capitol County is prohibited by that
order from setting its motion to compel appraisal for a hearing and enforcing
its right to invoke the appraisal process prior to completion of  discovery and
mediation under the Standing Order.  Capitol County argues that the trial
court, by its Appraisal Order, effectively has rewritten the appraisal
provision of the policy to require discovery and mediation as a condition
precedent to appraisal.  

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator generally
must show that the trial court clearly abused its discretion and there is no
adequate remedy by appeal.  In re Gulf Exploration, LLC, 289 S.W.3d 836,
842 (Tex. 2009) (orig. proceeding).  Capitol County has not presented the
arguments that it makes in this mandamus proceeding to the trial court for its
consideration.  Capitol County has not voiced any objection to the Appraisal
Order in the trial court and has not asked the trial court to set aside the
Appraisal Order as applied to Capitol County.  Equity
is generally not served by issuing an extraordinary writ against a trial court
judge on a ground that was never presented in the trial court and that the
trial judge thus had no opportunity to address.  In re Texas Best Staff
Leasing, Inc., Nos. 01-08-00296-CV & 01-08-00418-CV, 2008 WL 4531028,
at *5 (Tex. App.—Houston [1st Dist.] Oct. 9, 2008, orig. proceeding [mand.
filed]) (mem. op.).  Mandamus relief generally requires a predicate request for
an action and a refusal of that request.  Axelson, Inc. v. McIlhany, 798
S.W.2d 550, 556 (Tex. 1990).  However, the requirement that there be a
predicate request and adverse ruling is excused when such a request would have
been futile and the trial court’s refusal little more than a formality.  See
In re Texas Best Staff Leasing, Inc., 2008 WL 4531028, at *5.  To determine
whether a request would have been futile, appellate courts examine whether the
request would have added anything for the trial court’s consideration.  See
id.

Capitol County claims there was no “effective way”
for it to challenge the Appraisal Order.  Capitol County notes that, under the
terms of the Appraisal Order, Capitol County is precluded from securing a
hearing on its motion to compel appraisal prior to completion of discovery and
mediation under the Standing Order.  However, in this mandamus proceeding,
Capitol County does not argue that the trial court abused its discretion by
refusing to compel Washington to participate in the appraisal process; rather,
Capitol County argues that the trial court abused its discretion by issuing the
Appraisal Order.  Nothing in the Appraisal Order states that the trial court
refuses to set for hearing or consider objections, motions to modify, or
motions to set aside regarding the Appraisal Order.  

Nothing in the record indicates that the trial court
would have refused to consider and rule on challenges to the Appraisal Order. 
If Capitol County had raised its complaint to the trial court that its
contractual rights were being violated by the Appraisal Order, the trial court
could have modified the Appraisal Order to satisfy Capitol County’s concerns. 
Voicing the complaint that the Appraisal Order violates Capitol County’s
contract rights would have added something for the trial court’s
consideration.  Capitol County has not shown that it would have been futile for
it to have raised its objections to the Appraisal Order in the trial court.  See
In re Texas Best Staff Leasing, Inc., 2008 WL 4531028, at *5–6.  

Capitol County did not present its complaints or
otherwise give the trial court an opportunity to correct the alleged
deficiencies in the Appraisal Order, and Capitol County has not shown that
doing so would have been futile.  Accordingly, Capitol County failed to satisfy
the requirement of a predicate request and refusal by the trial court, and it
is not entitled to the mandamus relief requested in its petition.  See Axelson,
Inc., 798 S.W.2d at 556 (holding that mandamus relief was not available
because trial court had not refused to grant the relief requested by relators);
In re Texas Best Staff Leasing, Inc., 2008 WL 4531028, at *5–6  (holding
that mandamus relief was not available as to relief relators had not requested
from the trial court); In re Kenefick, No. 14-08-00203-CV, 2008 WL
3833842, at *6 (Tex. App.—Houston [14th Dist.] Aug. 19, 2008, orig. proceeding)
(mem. op.) (holding that relator was not entitled to mandamus relief regarding
alleged lack of specificity in trial court’s order because relator did not show
that he presented this complaint to the trial court and that the trial court
refused to correct the alleged defects in the order); see also In re Brown,
277 S.W.3d 474, 483 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding)
(plurality op.) (stating that mandamus relief was properly denied due to
failure to satisfy predicate-request requirement).  

            For
the reasons stated above, Capitol County has not established its entitlement to
the extraordinary relief of a writ of mandamus.  Accordingly, Capital County’s
petition for writ of mandamus is denied.[2]

 

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Frost.

 









[1] See
Harris County (Tex.) Civ. Dist. Ct. Loc. R. 3.2.3(c).  





[2] Though
some of the arguments in Washington’s amended motion to dismiss Capitol
County’s petition for mandamus correspond to the analysis in this opinion, a
failure to satisfy the predicate-request requirement results in denial rather
than dismissal of the mandamus petition.  Therefore, we deny Washington’s
motion to dismiss.