**DENY; and Opinion Filed July 12, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00737-CV

### IN RE BETTIE PRIESTER AND JOHN PRIESTER, JR., Relators

**Original Proceeding from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04751-2014**

## MEMORANDUM OPINION
Before Justices Bridges, Myers, and Schenck
Opinion by Justice Bridges

This case involves a Rule 736 expedited foreclosure action. TEX. R. CIV. P. 736. In this petition for writ of mandamus, relators complain that the trial court has not signed a proposed order vacating that court's prior order granting expedited foreclosure. Relators ask this Court to order the trial court to vacate the expedited foreclosure order.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding). Mandamus relief generally requires a predicate request for an action and a refusal of that request. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990); *In re Villarreal*, 96 S.W.3d 708, 710 n. 2 (Tex. App.—Amarillo 2003, orig. proceeding) (filing something with the District Clerk does not

demonstrate that a motion has been brought to the trial court's attention). Those requirements are excused when such a request would have been futile and the trial court's refusal little more than a formality. *In re Brown*, 277 S.W.3d 474, 482-83 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). A trial court abuses its discretion if it refuses to rule within a reasonable time. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (court must be given a reasonable time to perform its ministerial duty to rule).

Based on the record presented, we conclude relators have failed to show themselves entitled to the relief requested. Accordingly, we **DENY** relators' petition for writ of mandamus. TEX. R. APP. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 839-844 (Tex.1992) (orig. proceeding); *see also Axelson, Inc.*, 798 S.W.2d at 556.

/s/ David Bridges
DAVID BRIDGES
JUSTICE

160737F.P05