

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00096-CV

---

BLACKSTOCK FEDERAL CONSTRUCTORS, LLC, Appellant

V.

ULTIMATE GROUP, LLP, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 16C1748-202

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In Bowie County, Texas, Ultimate Group, LLP, filed suit against Blackstock Federal Constructors, LLC, for breach of contract, quantum meruit, and unjust enrichment seeking monies allegedly owed for work performed in connection with "the Tex Americas Center project" in New Boston, Texas. Blackstock entered a general and verified denial. The trial court granted Ultimate's motion for summary judgment, awarded $46,114.70 in damages, $2,275.00 in attorney fees, and court costs of $573.30.

On appeal, Blackstock contends that the trial court erred in granting summary judgment in favor of Ultimate because (1) there is a genuine issue of material fact as to the existence of the contract and (2) the trial court relied on improper summary judgment evidence in reaching its decicion.

We reverse the trial court's judgment and remand the case for further proceedings because a genuine issue of fact exists regarding the existence of a contract between Ultimate and Blackstock.

## I.     Procedural and Factual Background

Ultimate's petition alleged, in pertinent part, that it entered into a valid contract with Blackstock to provide labor and services "in connection with the Tex Americas Center project located at 228 Texas Avenue, New Boston, Texas 75570" and that Ultimate worked on the project under the direction of Anthony & Gordon Construction Company (A&G).[1] Ultimate alleged it

---

[1]Based on the same work Ultimate allegedly performed, the petition also raised causes of action for quantum meruit and unjust enrichment, but Ultimate only moved for summary judgment on its breach of contract claim.

fulfilled its obligations under the contract and that Blackstock breached the contract by failing to pay the $46,114.70 "due and owing for labor and services [Ultimate] supplied on the project." In its verified answer, Blackstock made a general denial, specifically denied "the execution of any instrument" forming the basis of Ultimate's claims and asserted that any such instrument lacked consideration. The affidavit of Stanley McChesney, the president of Blackstock, was attached to the answer, and it stated that Blackstock "did not contract with Anthony and Gordon Construction Company, Inc. or Ultimate Group, LLP to perform work at the TexAmericas Center project located at 228 Texas Avenue, New Boston, Bowie County, Texas in 2015."

On April, 7, 2017, Ultimate moved for summary judgment on its breach of contract claim. In support of its motion,[2] Ultimate attached the affidavit of George Brophy,[3] Ultimate's managing partner, which stated, in pertinent part:

> At the request of Blackstock Federal Constructors, LLC, Ultimate Group, LLP furnished labor on the TexAmericas Center project in New Boston, Bowie County, Texas during 2015. Ultimate Group fulfilled all of its contractual obligations to Blackstock.

> At this time, Blackstock, Federal Constructors, LLC owes Ultimate Group, LLP a total of $46,114.70 for labor provided in the Fall of 2015. All just payments, credits and offsets have been allowed.

Blackstock's response denied that it contracted with Ultimate to perform the work described in the petition and motion for summary judgment. In support of its response, Blackstock attached an affidavit from McChesney, again stating that Blackstock "did not contract with Anthony & Gordon

---

[2]An affidavit of counsel proving attorney fees was also attached to the motion.

[3]The motion for summary judgment also relied upon requests for admission that had been deemed admitted; however, the trial court later granted Blackstock's motion to undeem the admissions.

3

Construction Company, Inc. or Ultimate Group, LLP to perform work at the TexAmericas Center project located at 228 Texas Avenue, New Boston, Bowie County, Texas in 2015," as well as an affidavit from Richard Justice, president of A&G, which stated that "A&G has never undertaken or performed work on a construction project identified or known as the "Tex Americas Project" located at "228 Texas Avenue, New Boston, Bowie County, Texas 75570."

On June 8, 2017, Ultimate filed a supplemental motion for summary judgment, arguing that the evidence attached to its motions "conclusively establishe[d] the existence of a valid and binding agreement between the parties[,] . . . conclusively establishe[d] that [Ultimate] performed [its] obligations under the agreement [and] . . . establishe[d] that Blackstock breached the agreement by failing to pay the amount due." Again, an affidavit of Brophy was attached to the motion, but it differed from his previous affidavit in that it contained the more generalized statement that Ultimate "furnished labor on *a construction project* in New Boston, Bowie County, Texas during 2015." (Emphasis added). The affidavit also stated,

> Attached hereto are true and correct copies of the following invoices, which are kept by Ultimate Group, LLP in the normal course of its business:

| Invoice No. | Date | Amount |
|---|---|---|
| 50742 | 12/14/2015 | $    549.50 |
| 50727 | 12/7/2015 | $ 4,181.00 |
| 50714 | 11/30/2015 | $ 2,765.00 |
| 50702 | 11/23/2015 | $ 7,345.00 |
| 50691 | 11/16/2015 | $ 4,835.50 |
| 50689 | 11/9/2015 | $ 3,414.50 |
| 50671 | 11/2/2015 | $ 5,875.90 |
| 50670 | 10/26/2015 | $ 4,794.00 |
| 50660 | 10/19/2015 | $ 4,192.50 |
| 50633 | 10/12/2015 | $ 8,161.80 |
| TOTAL[] | | $ 46,114.70 |

4

Copies of ten invoices listed were attached to Brophy's affidavit. Blackstock filed a motion to strike Ultimate's summary judgment evidence, objecting to Brophy's affidavit and the invoices attached to it because: (1) Brophy's affidavit was controverted by Blackstock's response and verified answer; (2) the affidavit contained "information that was not shown to be in Brophy's personal knowledge"; (3) the affidavit failed to meet the legal requirements for summary judgment evidence; (4) the affidavit consisted of little more than legal and factual conclusions; and (5) the invoices attached to the affidavit were not competent summary judgment evidence because they and Brophy's sponsoring affidavit failed to meet the standards of Rules 803 and 901 of the Texas Rules of Evidence.

Ultimate's motion for summary judgment and Blackstock's motion to strike were heard together on June 29, 2017. After hearing the arguments of counsel, the trial court denied Blackstock's motion to strike and granted Ultimate's motion for summary judgment, awarding Ultimate $46,114.70 in damages, $2,275.00 in attorney fees, and court costs of $573.30. Blackstock timely filed this appeal.

## II. Did Blackstock Raise a Genuine Issue of Material Fact?

In its first point of error, Blackstock contends that the trial court erred in granting Ultimate's motion for summary judgment because a genuine issue of material fact exists regarding the existence of the contract between Blackstock and Ultimate that forms the basis of Ultimate's claims.

The trial court's grant of a summary judgment is subject to de novo review by appellate courts. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In making

5

the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To be entitled to summary judgment, the movant has the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010).

To be entitled to summary judgment, Ultimate had to show that it was entitled to judgment as a matter of law and no genuine issue of material fact existed regarding each element of a breach of contract claim: "(1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach." *Jespersen v. Sweetwater Ranch Apts.*, 390 S.W.3d 644, 658 (Tex. App.—Dallas 2012, no pet.). Blackstock contends that it raised an issue of material fact regarding the existence of the contract identified in Ultimate's pleadings.

6

Here, Ultimate's petition and motions for summary judgment uniformly assert that it entered into a valid contract with Blackstock to provide Blackstock labor and services "in connection with the Tex Americas Center project located at 228 Texas Avenue, New Boston, Texas 75570" and that Ultimate worked on the project under the direction of A&G. That contract is the basis of the summary judgment granted in Ultimate's favor. However, McChesney's affidavit denies that Blackstock entered into such a contract, and Justice's affidavit denies that A&G performed any work on the project described in Ultimate's pleadings.[4] Even though Brophy's second affidavit makes a more general assertion of a construction project in New Boston, Texas, the pleadings were not amended to reflect the change in evidence. Therefore, viewing the evidence in the light most favorable to Blackstock, the nonmovant, we find that Blackstock has raised a genuine issue of material fact regarding the existence of the contract described in Ultimate's petition and motions for summary judgment. Accordingly, we sustain this point of error. Because the ruling on this issue is dispositive, we need not address Blackstock's remaining point of error.

---

[4]Ultimate argues that during the hearing, Blackstock admitted that Ultimate furnished labor to Blackstock on the Red River Army Depot DDRT construction project in New Boston, Texas. However, the unsworn statements of counsel made during a summary judgment hearing are not evidence. *See* TEX. R. CIV. P. 166a(c) (no oral testimony shall be received at a summary judgment hearing); *see also In re Brown*, 277 S.W.3d 474, 478 n.3 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (arguments of counsel are not evidence); *Daugherty v. Jacobs*, 187 S.W.3d 607, 619 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (unsworn statements by counsel are not evidence); *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 764 (Tex. App.—Dallas 2004, pet. denied) (statements by counsel at summary judgment hearing are not evidence).

7

We reverse the trial court's judgment and remand this case for further proceedings.

                                        Bailey C. Moseley
                                        Justice

Date Submitted:      January 24, 2018
Date Decided:        February 15, 2018