**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 25, 2019.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

**NO. 14-19-00420-CV**

**IN RE PARADISE SETTLEMENT SERVICES, LLC, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1082224**

## MEMORANDUM OPINION

On May 20, 2019, relator Paradise Settlement Services, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jim F. Kovach, presiding judge of County Civil Court at Law No. 2 of Harris County,

to set aside his April 26, 2019 and May 8, 2019 orders directing relator to produce documents to the receiver in the underlying case. On July 11, 2019, relator filed a motion to stay all proceedings in the trial court.

It is relator's burden to provide a sufficient record establishing relator's entitlement to relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided all documents material to its claim for relief. *See* Tex. R. App. 52.3(k)(1); 52.7(a)(1). Relator also has not provided this court with a copy of the reporter's record from the April 24, 2019 hearing even though the April 26, 2019 and May 8, 2019 orders make reference to specific testimony. *See* Tex. R. App. P. 52.7(a)(2)(providing that relator must file a properly authenticated transcript of any relevant testimony from any underlying proceeding).Moreover, equity is generally not served by issuing an extraordinary writ against a trial judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address. *In re Brown*, 277 S.W.3d 474, 482 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (plurality op.). A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request unless the request would have been futile and the refusal little more than a formality. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam). To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the trial court's consideration. *Brown*, 277 S.W.3d at 483.

Because relator did provide this court with every document filed in the proceeding in the trial court material to its claim for mandamus relief, we do not

know what arguments and objections relator made in the trial court. Therefore, we cannot determine whether a request would have added anything for the county court's consideration. *See id.*

Relator has not established that it is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus and relator's emergency motion for stay.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Spain and Poissant.