**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 12, 2023.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-23-00666-CV**

**IN RE DALE DUNN, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 23-CV-0893**

## MEMORANDUM OPINION

On September 8, 2023, relator Dale Dunn filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Patricia Grady, presiding judge of the 212th District Court of Galveston County, to set aside her

August 24, 2023 order granting real party in interest Courtney Brooke Garcia's motion to transfer venue to Scurry County, Texas.

On August 21, 2023, Garcia filed a motion to transfer venue to Scurry County, Texas. Three days later, on August 24, 2023, the trial court signed the order granting Garcia's motion and transferring the case. Relator contends that the trial court abused its discretion by failing to provide 45 days' notice and a hearing pursuant to Rule 87.1 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 87.1

Mandamus relief generally requires a predicate request for an action and a refusal of that request. *In re Le*, 355 S.W.3d 808, 814 Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Equity generally is not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address. *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). The requirement of a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality. *In re Brown*, 277 S.W.3d 474, 482–83 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the trial court's consideration. *Lee*, 355 S.W.3d at 815.

Relator never presented the argument contained in this petition in support of his request for mandamus relief to the trial court. Instead, relator filed a petition for writ of mandamus in this court without having given the trial court an opportunity to address relator's assertion that he was entitled to 45 days' notice and a hearing.

This argument would have added something for the trial court to consider; therefore, such a request would not have been a mere formality. Relator failed to satisfy the requirement of a predicate request and refusal by the trial court.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. We also deny relator's motion for temporary orders.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.