**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 14, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00009-CV**

---

**IN RE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court at Law**
**Washington County, Texas**
**Trial Court Cause No. CCL-7800**

---

## MEMORANDUM OPINION

On January 7, 2021, relator Office of the Attorney General of Texas (the "OAG") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, the OAG asks this court to compel the Honorable Eric Berg, presiding judge of the County Court at Law of

Washington County, to set aside as void the following orders: (1) the April 14, 2020 order terminating income withholding; (2) the October 27, 2020 order terminating Father's parental rights; and (3) November 9, 2020 order for turnover relief and attorney's fees and costs. We deny the petition.

## BACKGROUND

In 2014, the OAG, Mother, and Father participated in a negotiated conference resulting in an agreed child support review order. In the order, the trial court found that Father had acknowledged the paternity of the oldest child and was the presumed legal father of the second child. The trial court appointed Mother and Father joint managing conservators with Mother having the exclusive right to designate the primary residence of the children and to receive child support on their behalf. The trial court ordered the withholding of Father's income for child support payments to the OAG's Disbursement Unit.

Subsequently, the trial court, in 2016, signed a default divorce decree in which the court appointed Mother sole managing conservator and Father possessory conservator and ordered Father to pay to the same amount of monthly child support through income withholding directly to the OAG's Disbursement Unit.

In 2019, Mother moved for enforcement of the child support order, alleging that Father had failed to comply with the order. The enforcement action resulted in a Rule 11 Agreement between Mother and Father. In the agreement, Father voluntarily relinquished his parental rights to the children, and subsequently, agreed to terminate his rights on the record before the trial court. On October 27, 2020, the trial court signed the order terminating Father's parental rights to the children.

On March 20, 2020, Father filed a motion to terminate withholding for child support because he had relinquished his parental rights. The trial court, on April 14, 2020, signed the order terminating all income withholding in the case.

Father filed an application for turnover relief against the OAG on September 15, 2020, alleging that the OAG was in possession of $3,036.00 that it had taken from Father after the trial court had terminated the withholding of Father's income. On November 9, 2020, the trial court signed the order directing the OAG to release $3,036.00 to Father. The trial court also awarded Father $3,945.00 in attorney's fees and costs to be paid to Father's attorney on or before November 15, 2020.

## ANALYSIS

In its petition, the OAG asserts that (1) the April 14, 2020 order terminating the withholding for child support, the October 27, 2020 order terminating the parent-child relationship, and the November 9, 2020 turnover order are void because the OAG was not given notice of the intent to default the OAG; (2) the April 14, 2020 order terminating the withholding for child support and the October 27, 2020 order terminating the parent-child relationship are constitutionally infirm because the OAG did not receive notice of the two suits resulting in these orders; (3) the trial court lacked subject matter jurisdiction over the OAG to turn over the $3,036.00 in retained child support payments to Father and the $3,945.00 in attorney's fees and costs; and (4) the trial court cannot order an instanter payment of either the collected child support payments or the attorney's fees and costs.

Ordinarily, to be entitled to a writ of mandamus, relators must show that the trial court clearly abused its discretion, and that they lack an adequate remedy by

3

appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). Equity generally is not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address. *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). A request for action by the trial court and a refusal of that request is generally a predicate to mandamus relief. *In re Perritt*, 992 S.W.2d 444,446 (Tex. 1999) (orig. proceeding) (per curiam). The requisite predicate request and adverse ruling are excused when such a request would have been futile and the trial court's refusal is little more than a formality. *In re Brown*, 277 S.W.3d 474, 482–83 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the trial court's consideration. *Id.* at 483.

There is nothing in the record reflecting that the OAG asked the trial court to set aside any of the three subject orders or raised the arguments that it has asserted in this mandamus proceeding in the trial court. Arguments that the orders are void for lack of notice would have added something for the trial court's consideration. It cannot be said that a request to set aside the orders for voidness would have been futile and the trial court's refusal little more than a mere formality. Therefore, the OAG has not satisfied the requirement that there be a predicate request and subsequently the trial court's refusal to act.

The OAG also has the burden to present a record sufficient to establish entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.

1992) (orig. proceeding). The OAG's petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k) (providing that appendix must contain certified or sworn copy of any order complained of, or any other document showing matter complained of); *id.* 52.7(a)(1) (requiring relator to file with petition certified or sworn copy of every document that is material to relator's claim for relief and was filed in any underlying proceeding).

## CONCLUSION

The OAG has not established that it is entitled to mandamus relief. Accordingly, we deny the OAG's petition for writ of mandamus. We also deny the OAG's motion for temporary stay.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.